**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

KINSALE INSURANCE COMPANY,

Plaintiff,

v. CASE NO:

LIBERTY BAY PROPERTIES, LLC,
KEITH WALKER, and IRETI
WALKER,

Defendants.
_________________________________/

## COMPLAINT FOR DECLARATORY RELIEF AND DAMAGES

KINSALE INSURANCE COMPANY ("Kinsale") files suit against LIBERTY BAY PROPERTIES, LLC ("Liberty Bay"), KEITH WALKER, and IRETI WALKER, and alleges:

## NATURE OF ACTION

1. This is an action for damages and declaratory relief under 28 U.S.C. § 2201 to determine there is no coverage for claims arising out of a shooting under an insurance policy that includes an absolute Firearms Exclusion, as well as an Assault, Battery, Abuse, or Molestation Exclusion.

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 28 U.S.C. § 1332 because there is complete diversity of citizenship and the amount in controversy exceeds $75,000 exclusive of interest and costs.

3. Venue is proper in this district because the shooting occurred in this district, the underlying lawsuit is pending in this district, the insurance policy was issued in this district, and otherwise, a "substantial part of the events … giving rise to the claim occurred in this district." See 28 U.S.C. § 1391(b)(2).

4. All conditions precedent occurred, have been performed, or were waived.

## THE PARTIES

5. Kinsale is an Arkansas corporation with its principal place of business in Virginia. Kinsale is accordingly a citizen of Arkansas and Virginia. For purposes of this action, Kinsale is a surplus lines insurer that issued a liability policy to Liberty Bay.

6. Liberty Bay is a Florida limited liability company. Liberty Bay's members, Daniel Jiggetts, Samantha Corwin and Klodian Ferra, are domiciled in Duval County, Florida. Liberty Bay is accordingly a citizen of Florida.

7. Keith Walker is domiciled in Duval County, Florida. He is accordingly a citizen of Florida.

8. Ireti Walker is domiciled in Duval County, Florida. She is accordingly a citizen of Florida.

## BCKGROUND

### The Shooting

9. On 01/24/2025, Keith Walker was shot outside 233 East Bay Street, Jacksonville, Florida. (*See* Incident Report, which is attached as Exhibit "A.")

10. The Incident Report describes it as attempted murder committed by an unknown suspect. (*Id.*)

11. Officer A.T. Martin was dispatched to the scene where he found Walker in the front seat of his vehicle with a gunshot wound. (*Id.*)

### The Underlying Action

12. On 12/30/2025, Walker and his wife, Ireti Walker, filed suit against Liberty Bay and Family Entertainment LLC, in circuit court in Duval County, Florida, in a lawsuit styled *Keith Walker et al. v. Liberty Bay Properties LLC, et al.*, Case Number 16-2025-CA-008186-AXXX-MA. (*See* Complaint, which is attached as Exhibit "B.")

13. According to the complaint, Liberty Bay owned, operated, and managed a bar located at 333 E. Bay Street, Jacksonville, Florida 32202. (*Id*. at ¶ 7.)

14. Family Entertainment, LLC d/b/a Live Bakery and Bar leased the premises from Liberty Bay. (*Id*. at ¶8.)

15. On 01/24/2025, after an argument ensued "between the criminal assailant and … Walker, both the assailant and … Walker were removed from the subject premises." (*Id*. at ¶ 7.)

16. "Shortly after both were removed" from the bar, Walker was "shot by the assailant and sustained severe injuries." (*Id*. at ¶ 14.)

17. The complaint alleges Liberty Bay breached its duty by, among other things, failing to provide adequate security, failing to adequately train and supervise security personnel, and failing to warn, protect, and guard guests against the risk of shooting. (*Id.* at ¶ 21.)

18. According to the complaint, Liberty Bay's negligence caused Walker's damages and "directly led to his criminal attack." (*Id*. at ¶ 25.)

19. In addition to Walker's claims, Walker's wife brought a consortium claim against Liberty Bay stemming from the alleged "criminal assault." (*Id.* at ¶¶ 25, 38-40.)

**The Live Bakery and Bar Lease**

20. Live Bakery and Bar leased the property located at 333 E. Bay Street, Jacksonville, Florida 32202 from Liberty Bay.

21. The lease agreement did not include a hold harmless and indemnity agreement in favor of Liberty Bay, agreeing to indemnify Liberty Bay from any loss arising out of or related to Live Bakery and Bar's business.

22. Live Bakery and Bar did not have a commercial general liability policy of insurance in full force and effect on 01/24/2025, when Walker was shot.

23. On 01/24/2025, Live Bakery and Bar did not have a commercial general liability policy of insurance with limits of insurance equal to or greater than those in the policy Liberty Bay purchased as the Named Insured.

24. On 01/24/2025, Live Bakery and Bar did not have a commercial general liability policy of insurance with scope of coverage equal to or greater than those in the policy Liberty Bay purchased as the Named Insured.

25. On 01/24/2025, Live Bakery and Bar did not have a commercial general liability policy of insurance naming Liberty Bay as an Additional Insured under the policy.

**THE KINSALE POLICY**

26. Liberty Bay applied for and purchased a commercial general liability policy as the Named Insured, bearing Policy Number 0100187447-2, and effective from 04/19/2024 to 04/19/2025 (the "Policy"). (*See* Policy, which is attached as Exhibit "C.")

27. Before the Policy was issued and delivered to Liberty Bay, all forms and endorsements were disclosed to Liberty Bay in a Binder. (*See* Binder, which is attached as Exhibit "D.")

28. Before the Policy was issued and delivered to Liberty Bay, all forms and endorsements were disclosed to Liberty Bay in a Quote. (*See* Quote, which is attached as Exhibit "E.")

29. Kinsale is providing Liberty Bay with a defense in the underlying action under a complete reservation of rights, which Liberty Bay accepted.

**COUNT I – NO COVERAGE UNDER THE ABSOLUTE FIREARMS EXCLUSION**

30. Kinsale incorporates paragraphs 1 through 29.

31. The Policy includes an endorsement labelled "ABSOLUTE EXCLUSION – FIREARMS" ("Absolute Firearms Exclusion") that provides:

## ABSOLUTE EXCLUSION – FIREARMS

**This endorsement modifies insurance provided under the following:**

**COMMERCIAL GENERAL LIABILITY COVERAGE**

The following exclusion is added to this Policy:

This insurance does not apply to any claim or "suit" arising directly or indirectly out of, related to, or in any way involving the use of any firearm.

This exclusion applies to any claim or "suit" regardless of whether the use of a firearm is the initial precipitating cause or is in any way a cause of "bodily injury", "property damage", or "personal and advertising injury" and regardless of whether any other actual or alleged cause contributed concurrently, proximately, or in any other sequence, including whether any actual or alleged "bodily injury", "property damage", or "personal and advertising injury" arises out of a chain of events that involves or includes the use of a firearm at any point.

This exclusion applies regardless of intent and regardless of the particular cause of action asserted including, but not limited to, negligence or other wrongdoing in:

(1) The prevention or suppression, or failure to prevent or suppress, any such act or incident;

(2) The insured's actual or alleged negligent employment, supervision, hiring, training, or retention of any "employee", independent contractor, or any other person or organization;

(3) Reporting or failure to report to the proper authorities any act or incident involving the use of a firearm;

(4) Conducting or failing to conduct an investigation or background check; or

(5) Providing or failing to provide first aid or medical treatment for any injury arising out of the use of a firearm.

(*See* Ex. C at Form CAS3111 1121, Pg. 1/1.)

32. The Policy includes an endorsement labeled "ADDITIONAL POLICY EXCLUSIONS," which includes a Duty to Defend exclusion that provides: "Where there is no coverage under the Policy, there is no duty to defend." (*Id*. at Form CAS3043 0621, Pg. 2/3.)

33. Liberty Bay was sued after Walker was "shot" by a "criminal assailant" outside its bar. (Ex. B at ¶ 14.)

34. Accordingly, Kinsale has no duty to defend or pay damages under the Policy's Absolute Firearms Exclusion.

**COUNT II – NO COVERAGE UNDER THE ASSAULT, BATTERY, ABUSE, OR MOLESTATION EXCLUSION**

35. Kinsale incorporates paragraphs 1 through 29.

36. The Policy includes an endorsement labeled "EXCLUSION – ASSAULT, BATTERY, ABUSE, OR MOLESTATION" ("ABAM Exclusion") that provides:

**EXCLUSION – ASSAULT, BATTERY, ABUSE, OR MOLESTATION**

**This endorsement modifies insurance provided under the following:**

**COMMERCIAL GENERAL LIABILITY COVERAGE**

The following exclusion is added to this policy:

This insurance does not apply to any claim or "suit" for "bodily injury", "property damage", or "personal and advertising injury" arising out of, related to, or in any way involving any actual or alleged assault, battery, abuse, or molestation. Assault, battery, abuse, or molestation includes, but is not limited to, any conduct, physical act, gesture, sexual contact (whether or not consensual), sexual molestation, sexual or physical assault or battery, sexual abuse, sexual harassment or exploitation, harmful, unwanted or offensive contact, or spoken or written words of a sexual or physically violent nature, whether provoked or unprovoked.

This exclusion includes but is not limited to:

1. The prevention or suppression, or the failure to suppress or prevent any assault, battery, abuse, or molestation;

2. The failure to provide an environment safe from any assault, battery, abuse, or molestation, or the failure to warn of the dangers of the environment that could contribute to any assault, battery, abuse, or molestation;

3. The selling, servicing or furnishing of alcoholic beverages resulting in any assault, battery, abuse, or molestation;

4. The reporting or failing to report to the proper authorities;

5. Conducting or failing to conduct an investigation of any assault, battery, abuse, or molestation;

6. Injury or damage committed while using reasonable force to protect persons or property or acting in self-defense;

7. Providing or failing to provide first aid or medical treatment, or otherwise handling or responding after there has been any assault, battery, abuse, or molestation;

8. Any assault, battery, abuse, or molestation whether caused by, or at the instigation, instruction, direction or due to the negligence of the insured, the insured's employees, agents, patrons, customers or any other person arising from any causes whatsoever; or

9. The negligent hiring, employment, training, supervision, or retention of any "employee" or agent of any insured with respect to items **(1)** through **(8)** above.

This exclusion applies regardless of fault or intent and regardless of the particular cause of action.

This exclusion applies to any claim or "suit" regardless of whether assault, battery, abuse, or molestation is the initial precipitating cause or is in any way a cause, and regardless of whether any other actual or alleged cause contributed concurrently, proximately, or in any sequence, including whether any actual or alleged "bodily injury", "property damage" or "personal and advertising injury" arises out of a chain of events that includes any assault, battery, abuse, or molestation.

For purposes of this endorsement, **COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY, 2. Exclusions**, item **a. Expected or Intended Injury** is deleted and replaced with the following:

> "Bodily injury" or "property damage" expected or intended from the standpoint of the insured.

(*See* Ex. C at Form CAS3201 0322, Pg. 1-2/2.)

37. Liberty Bay was sued after Walker was "shot" by a "criminal assailant" outside its bar. (Ex. B at ¶ 14.) Specifically, Walker was the victim of a "criminal attack" and "criminal assault." (*Id.* at ¶ 25.)

38. Accordingly, Kinsale has no duty to defend or pay damages under the Policy's ABAM Exclusion.

**COUNT III – NO COVERAGE UNDER THE DESIGNATED LOCATION EXCLUSION**

39. Kinsale incorporates paragraphs 1 through 29.

40. The Policy includes an endorsement labeled "LIMITATION OF COVERAGE A AND COVERAGE C TO DESIGNATED LOCATION(S) OR PROJECT(S) OR EVENT(S)" ("Designated Location Exclusion") that provides:

> **LIMITATION OF COVERAGE A AND COVERAGE C TO DESIGNATED LOCATION(S) OR PROJECT(S) OR EVENT(S)**
>
> **This endorsement modifies insurance provided under the following:**
>
> **COMMERCIAL GENERAL LIABILITY COVERAGE**
>
> **SCHEDULE**

| **Designated Location(s) or Project(s) or Event(s):** | |
|---|---|
| **1** | 327 East Bay Street, Jacksonville, FL, 32202 |
| (If no entry appears above, information required to complete this endorsement will be shown in the Declarations as applicable to the policy) | |

**SECTION I – COVERAGES, COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY, 1.b. (1)** is deleted and replaced with the following:

b. This insurance applies to "bodily injury" or "property damage" only if:

(1) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place at a Designated Location or Project or Event identified in the Schedule above, and the "bodily injury" or "property damage" also takes place at a Designated Location or Project or Event; …

ALL OTHER TERMS AND CONDITIONS OF THE POLICY REMAIN UNCHANGED.

(*See* Ex. C at Form CAS2042 0418, Pg. 1/1.)

41. Liberty Bay owns, operates, manages, and controls the bar located at 333 E. Bay Street, Jacksonville, Florida 32202. (*See* Ex. B at ¶ 7.)

42. After Walker and the "criminal assailant" were "removed from the subject premises… at the same time," Walker was shot by the assailant. (*See* Ex. B at ¶ 14.)

43. The Incident Report similarly indicates that the shooting occurred at an "Outside Location" at 233 Bay Street East. (*See* Ex. A.)

44. Accordingly, Kinsale has no duty to defend or pay damages under the Policy's Designated Location Exclusion.

## COUNT V – NO COVERAGE UNDER THE COMMERCIAL TENANTS LIMITATION

45. Kinsale incorporates Paragraphs 1 through 29.

46. The policy includes an endorsement labeled "LIMITATION – COMMERCIAL TENANTS OR LEASEES OF YOUR PREMISES" ("Commercial Tenants Limitation") that provides:

> **LIMITATION - COMMERCIAL TENANTS OR LESSEES OF YOUR PREMISES**
>
> **This endorsement modifies insurance under the following:**
>
> **COMMERCIAL GENERAL LIABILITY COVERAGE**
>
> The following exclusion is added to this Policy:
>
> This insurance does not apply to any claim or "suit" for "bodily injury", "property damage", or "personal and advertising injury" arising directly or indirectly out of, related to, or in any way involving

premises rented or leased to any "commercial tenant or lessee", unless at the time the "bodily injury", "property damage", or "personal and advertising injury" offense occurs:

**1.** The "commercial tenant or lessee" of such premises:

**a.** Maintains a general liability insurance policy in full force and effect:

(1) with scope of coverage equal to or greater than the scope of coverage provided by this Policy; and

(2) with limits of insurance equal to or greater than the Limits of Insurance provided by this Policy; and

(3) which includes an endorsement naming you as an Additional Insured; and

**b.** Provides you with an endorsement or valid certificate indicating that its insurance company has agreed to provide a Waiver of Subrogation endorsement in your favor; and

**2.** The lease agreement with the "commercial tenant or lessee" of such premises contains hold harmless and indemnity agreements in your favor, agreeing to defend and indemnify you to the fullest extent permitted by law for any loss or expense arising from or related to the activities of the "commercial tenant or lessee", and requires the "commercial tenant or lessee" to name you as an Additional Insured on the general liability policy issued to the "commercial tenant or lessee".

"Commercial tenant or lessee" means a person or organization that rents or leases your premises for commercial operations whether for-profit or not-for-profit. For the purposes of this endorsement, "commercial tenant or lessee" includes a tenant engaging in

residential subletting, leasing, housing, or dwelling rental to persons other than your tenant or lessee.

(*See* Ex. C at Form CAS4055 0622, Pg. 1/1.)

47. Live Bakery and Bar leased the premises where Walked was shot from Liberty Bay.

48. Live Bakery and Bar, however, did not execute a lease agreement with a hold harmless and indemnity clause in favor of Liberty Bay.

49. Live Bakery and Bar did not have a commercial general liability policy that met the requirements of the Commercial Tenants Limitation.

50. Accordingly, Kinsale has no duty to defend or pay damages under the Policy's Commercial Tenants Limitation.

**COUNT V – REIMBURSEMENT OF DEFENSE EXPENSES**

51. Kinsale incorporates paragraphs 1 through 29.

52. In the reservation of rights letter, Kinsale specifically reserved the right to seek reimbursement of attorney's fees and costs incurred by Kinsale defending Liberty Bay. Specifically, Kinsale informed Liberty Bay that "Kinsale reserves the right to institute a declaratory judgment action on the issue of

coverage under the policy and seek reimbursement of all attorney's fees and costs incurred, if there is a determination of no coverage."

53. Kinsale has been fully funding the defense of Liberty Bay, which Liberty Bay accepted.

54. Since there is no coverage, Kinsale is entitled to reimbursement of all attorney's fees and costs. *See James River Ins. Co. v. Arlington Pebble Creek, LLC*, 188 F. Supp. 3d 1246, 1261 (N.D. Fla. 2016); *see also Houston Spec. Ins. Co. v. Fenstersheib*, 632 F. Supp. 3d 1318, 1334 (S.D. Fla. 2022) ("Because Houston never had a duty to defend and defended only under a complete reservation of rights that expressly preserved its right to seek reimbursement, Houston is entitled to recoup the defense costs it expended.").

**RELIEF REQUESTED**

Kinsale respectfully requests that the Court:

a) Take jurisdiction and adjudicate the rights of the parties under the Policy.

b) Declare the following:

i. Kinsale has no duty to defend or indemnify Liberty Bay under the Policy's Absolute Firearms Exclusion;

ii. Kinsale has no duty to defend or indemnify Liberty Bay under the Policy's ABAM Exclusion;

iii. Kinsale has no duty to defend or indemnify Liberty Bay under the Policy's Designated Location Exclusion;

iv. Kinsale has no duty to defend or indemnify Liberty Bay under the Policy's Commercial Tenants Limitation;

v. Kinsale is entitled to reimbursement of attorneys' fees and expenses incurred defending Liberty Bay because there is no coverage under the Policy.

c) Award Kinsale all costs to prosecute this action.

d) Award Kinsale any and all other relief as the Court deems just and proper under the circumstances.

Respectfully submitted,

/s/SERGIO BUENO
**SINA BAHADORAN**
Florida Bar No. 523364
Sina.Bahadoran@clydeco.us
**SERGIO BUENO**
Florida Bar No. 112401
Sergio.Bueno@clydeco.us
**COLSEN CENTNER**
Florida Bar No. 1058625
Colsen.Centner@clydeco.us
Clyde & Co US LLP
1221 Brickell Avenue, Suite 1600
Miami, Florida 33131
T: 305.446.2646